IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD DORSEY,                *

   Plaintiff,                         *

                                                     Civil Action No. RDB-22-00465

v.                                        *

SAFEWAY, INC.,                  *

   Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Reginald Dorsey ("Plaintiff" or "Dorsey") brings this pay dispute against Defendant Safeway, Inc. for alleged violation of the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, et seq. ("MWPCL"), breach of contract, and unjust enrichment. (ECF No. 2.) Presently pending before this Court is Defendant's Motion to Dismiss. (ECF No. 7.) This Court has reviewed the Motion, Plaintiff's Opposition (ECF No. 16), and Defendant's Reply (ECF No. 17), and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). Dorsey's claims are based on the contention that he was not paid the appropriate hourly wage. (ECF No. 2.) As Plaintiff does not dispute his union membership, his claim is barred by the agreement reached by his union. Therefore, Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and Plaintiff should have sought remedy through arbitration. For the reasons that follow, Defendant's Motion is GRANTED and this case is DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff alleges that he was hired to work at Safeway on September 8, 2020, with a start date of September 15, 2020, as a Night Stocker for an "agreed upon hourly rate of $14.50." (ECF No. 2 at 1; ECF No. 7-1 at 2.)  Later in his Complaint, Plaintiff clarifies that he "was quoted a pay-rate of $14.50 by an agent and/or employee of Defendant Safeway."  (ECF No. 2 at 3.)  Plaintiff claims that this hourly rate "lured" him to leave his previous employment at Giant.  (ECF No. 2 at 1; ECF No. 7-1 at 2.)  While working at Safeway, Plaintiff discovered that his pay rate was actually $11.20 an hour.  (ECF No. 2 at 2.)  Plaintiff "raised this issue of pay discrepancy with management at Safeway" but Safeway did not pay Plaintiff the alleged difference in pay.  *Id.*  Plaintiff was paid $11.20 an hour until his termination on December 4, 2020.  *Id.*

Plaintiff filed suit against Defendant Safeway, Inc. ("Defendant" or "Safeway") on January 6, 2022, in the Circuit Court for Baltimore City in Baltimore, Maryland.  (ECF No. 1.)  On February 24, 2022, Safeway removed the action to this Court predicated on federal question jurisdiction under 28 U.S.C. § 1331.  (ECF No. 1.)  Safeway's removal asserts federal preemption based on § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  More specifically, Defendant asserts that Plaintiff's labor union, United Food and Commercial Workers Local 27 ("the Union"), entered into a Memorandum of Agreement, or collective bargaining agreement ("CBA"), on March 5, 2020, with Safeway in which various agreements were made, particularly hourly wage for Safeway employees.  (ECF No. 7-1 at 1.)

After removing the Complaint, Defendant filed its Motion to Dismiss.  (ECF No. 7.)  Defendant asserts that because Plaintiff is a member of the Union, his hourly wage was determined by the CBA and his claims are completely preempted by § 301 of the LMRA.

2

(ECF No. 7-1 at 1.) Defendant argues that the CBA includes a provision directing the parties to participate in arbitration to resolve disputes governed by the agreement, which includes wage disputes. *Id.* As a result, Defendant contends that this Court lacks subject matter jurisdiction because Plaintiff did not participate in arbitration as agreed upon in the CBA. *Id.* Plaintiff's opposition doubts the CBA's existence, but principally argues that his offered pay-rate "occurred outside any purported CBA." (ECF No. 16-1 at 2.) Safeway's Reply appropriately notes that Plaintiff does not deny that he was part of the Union when Safeway employed him, and that Plaintiff does not "have to plead facts related to the CBA for it to predominate the issues." (ECF No. 17 at 1-2.) As Defendant aptly asserts, Plaintiff's "attempt to sidestep the preemptive impact of his union membership by claiming he entered a side agreement with management outside of the CBA is unavailing." *Id.* at 4. Explained more fully below, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED and Plaintiff's Complaint (ECF No. 2) is DISMISSED WITH PREJUDICE.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim

3

fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Defendant's Motion to Dismiss (ECF No. 17) argues a facial challenge to the Court's subject matter jurisdiction. Defendant contends that Plaintiff's state claims are preempted by federal law, and Plaintiff was required to participate in arbitration as set forth in the CBA. (ECF No. 17.) Defendant argues that because federal law favors dispute resolution as agreed upon in a CBA, and Plaintiff did not participate in that agreed upon dispute resolution, this Court lacks subject matter jurisdiction on its face.

To appropriately assess Defendant's facial challenge to subject matter jurisdiction, the Court must examine the CBA. "While the well-pleaded complaint rule in general forecloses looking beyond the allegations of the complaint for a federal question to confer jurisdiction, there is an exception for situations where the complaint asserted can be resolved only by referring to the terms of the collective bargaining agreement." *Willis v. Reynolds Metals Co.*, 840 F.2d 254, 255 (4th Cir. 1988). Therefore, although "the court is relying on the CBA, a document outside of the pleadings, it is unnecessary to convert Defendants' motion to dismiss into a motion for summary judgment." *Ali v. Giant Food LLC/Stop & Shop Supermarket Co., LLC*, 595 F. Supp. 2d 618, 624 (D. Md. 2009).

## ANALYSIS

Although Plaintiff's Complaint alleges violations of state law, his claims are founded on federal law. "Generally, whether any of the plaintiff's claims 'arise under' federal law is determined by the application of the well-pleaded complaint rule." *Ali*, 595 F. Supp. 2d at 621 (D. Md. 2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)). "There are two exceptions to the general rule: (1) where the 'complete preemption doctrine'

applies; and (2) where the vindication of a right under state law necessarily turns on some construction of federal law." *Id.* (citing *Kight v. Kaiser Found. Health Plan of the Mid–Atlantic States, Inc.*, 34 F.Supp.2d 334, 337 (E.D. Va. 1999)). Where a complaint "alleges only state law claims, if those claims are completely preempted by federal law, the complaint 'is in reality based on federal law.'" *Freeman v. Duke Power Co.*, 114 F. App'x 526, 530 (4th Cir. 2004) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 206 (2004)). As Judge Chasanow of the Court has stated, "[i]t is settled law that any claims that require the interpretation of a collective bargaining agreement ("CBA") are completely preempted by § 301 of the LMRA." *Ali*, 595 F. Supp. 2d at 621. Furthermore, "'[i]t is a well-established principle of labor law that a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention.'" *Ali*, 595 F. Supp. 2d at 625 (quoting *Nat. Post Office Mail Handlers Local No. 305, LIUNA, AFL–CIO v. U.S. Postal Serv.*, 594 F.2d 988, 991 (4th Cir.1979)).

      First, this Court notes that Plaintiff is a member of the Local 27 Labor Union. Article 4 of the CBA mandates that all "employees shall, as a condition of employment, become and remain members of the Union…." (ECF No. 17-1 at 8.) The CBA further requires that Safeway discharge any such employee that does not become and remain an employer of the Union "within the period and under the conditions specified" in Article 4. *Id.* Plaintiff does not dispute that he is a member of the Union, and there is no indication that Safeway terminated him on the basis that he was not a member of the Union. Thus, this Court notes that Plaintiff was a member of the Union.

5

Plaintiff asserts that he was supposed to be paid $14.50 an hour. (ECF No. 2.) Article 7 of the CBA governs "Wage and Employee Classification" which provides pay rates according to an employee's position and classification. (ECF No. 17-1 at 9.) Article 9, titled "Night Crew Employees", provides further specifications for the pay rate of night crew employees, like Plaintiff. *Id.* at 11. According to the CBA, based on Plaintiff's job as a Night Stocker and background in grocer work, his pay rate should have been $11.20 an hour. (ECF No. 17-1 at 14.) As such, the matter of Plaintiff's pay rate is governed by the CBA, and his claims require interpretation of same.

Plaintiff's chief argument is that he has "not made a claim that he was not paid properly under any CBA, but rather that he was promised a certain payrate by Defendant Safeway Inc, and that offer of pay rate occurred outside any purported CBA and therefore, a CBA would not apply in this particular situation." (ECF No. 16-1 at 2.) Plaintiff's argument is unavailing. As Defendant aptly notes, even if Plaintiff had been offered a pay rate outside of that set forth in the CBA, "this Court still would need to interpret the CBA to determine if distinct 'side' contracts could be formed outside of the operative CBA/MOA." (ECF No. 17 at 4.) Accordingly, this Court turns to the provisions in the CBA, and Plaintiff's claim of improper pay rate is preempted by § 301 of the LMRA.

The provisions in the CBA oversee reconciliation of Plaintiff's claims. Article 21, "Arbitration and Adjustment", dictates that "should a controversy, dispute or disagreement arise during the period of this Agreement" the parties shall "commence discussion in an attempt to reach a settlement of the controversy" within three days of the dispute and, if not settled, the dispute shall be heard in arbitration. (ECF No. 17-1 at 12.) Article 21 includes an

6

exemption to arbitration: "except that liability for wage claims shall not be subject to arbitration unless involving a disputed interpretation of the provisions of the Agreement." *Id.*

As previously mentioned, Plaintiff's claims center on his pay rate, which is dictated by the CBA. An exemption to arbitration does not apply here because Plaintiff does not argue that he is owed wages, but merely that he was paid at a lower rate than he alleges was offered to him. As Defendant aptly notes, the exemption to arbitration does not apply because Plaintiff's claims rely on his "correct rate of pay and/or his ability to enter a side agreement with management outside of the CBA." (ECF No. 17 at 5.) Accordingly, Plaintiff was required to independently attempt to resolve this dispute and participate in arbitration before bringing suit in this Court. Consequently, the Court lacks subject matter jurisdiction and must dismiss Plaintiff's Complaint.

## CONCLUSION

For the reasons stated above, IT IS this 4th day of October 2022, hereby ORDERED that Defendant's Motion to Dismiss (ECF No. 7) is GRANTED and Plaintiff's Complaint (ECF No. 2) is DISMISSED WITH PREJUDICE. The Clerk is directed to CLOSE this case.

Dated: October 4, 2022                        _____/s/_____
                                              Richard D. Bennett
                                              United States District Judge